## EUGENE WEATHERSBEE v. STATE.

No. A-6860.   Opinion Filed Oct. 26, 1929.
(281 Pac. 989.)

Thos. Hudgens, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant was convicted in the county court of Washita county, upon a charge of petit larceny, and was sentenced to pay a fine of $25 and costs. Motion for new trial was filed and overruled, and exceptions saved, and the defendant has appealed to this court.

The substance of the testimony of the state is that the defendant went to the place of business of Fleming & Balzer, a copartnership composed of H. R. Fleming and Arthur Balzer, and told Mr. Balzer he wanted a casing for his car. Mr. Balzer showed him the casing, and they agreed upon the price, and the defendant then asked him to put the casing on the car, and received the reply from Mr. Balzer that they were busy and did not have any one to put it on, and furnished the defendant with a jack and told him he could put the casing on the car himself. The defendant run his car into the shade, as it was a very hot day, and the testimony shows he worked there for some

time putting the casing on his car. After he put the casing on, he returned the jack to the place of business and got in his car and drove away without paying for the same.

The testimony shows that when he was talking with Mr. Balzer about the casing he told him he was going to work for Mr. Fisher, who lived about three miles from the place of business of Balzer and his partner. When the defendant drove away, Mr. Balzer whistled to him, but the testimony fails to show that the defendant heard him whistling. The testimony tends to show that Mr. Balzer started out to follow him, but that he did not do so, and returned; later a complaint was made against the defendant for the larceny of the casing. The defendant was located several days thereafter down neear Weatherford, working for his father.

The defendant admits going to the place of business, and states they agreed upon the price of the casing and that he told Mr. Balzer he was going to work for Mr. Fisher, and that Mr. Balzer told him to put the casing on his car; he was working there for some time, and when he got the casing on he returned the jack to the place of business of Mr. Balzer and his partner, and got in the car and started back to Mr. Fisher's, intending as soon as he worked a few days to get the money and pay for the casing.

The defendant further shows by his testimony that he did not work for Mr. Fisher, for the reason that one of his hands who was intending to leave decided not to leave and Mr. Fisher did not need an additional hand, and defendant went to his uncle's place and hauled some wheat for a short while and returned to his father's. The defendant denies any intent on his part to steal the casing or to get it without paying for it that he had been buy-

ing on credit at Cordell and that he fully intended to pay for the casing that Mr. Balzer had told him to put on his car as they were too busy at the time to put it on for him.

This is, in substance, the testimony on behalf of the state and the defendant. The question to be determined in this case is, Is the testimony sufficient to sustain a charge of larceny? Section 210 C. O. S. 1921, defines larceny as follows:

"Larceny is the taking of personal property accomplished by fraud or stealth and with the intent to deprive another thereof."

It is contended by counsel that, under the definition of larceny contained in our statute, supra, the evidence is insufficient to sustain the verdict. Under our practice it is the peculiar province of the jury to weigh the testimony and pass on the credibility of the witnesses. On the other hand, it becomes the duty of the court to examine the record in cases, and, if the verdict is not sustained by the evidence, to set the same aside. Without taking into consideration the defendant's testimony, the testimony on behalf of the state wholly fails to show that the taking of the casing under the circumstances detailed by the testimony is such a taking as amounted to larceny. The price of the casing was agreed upon between one of the prosecuting witnesses and defendant, and defendant was told to go and put it on his car. The defendant advised him he was working for Mr. Fisher, about three miles away. The defendant worked for some time putting the casing on, and then rested and got cool before driving away. There was no concealmeent in any way.

In Lockhart v. State, 10 Okla. Cr. 582, 139 Pac. 1156, 1158, the court said:

"Where the taking is open, in the presence of others, and there is no subsequent attempt to conceal the property, and no denial, and where possession is not obtained by force, trick, or stratagem, a strong presumption of fact arises that there was no felonious intent, which must be repelled by clear and convincing evidence before a jury may legitimately infer a felonious intent."

We hold that the evidence in this case is unsufficient to sustain a conviction of larceny. The judgment of the lower court is accordingly reversed, and the case remanded, with directions to dismiss.

EDWARDS, P. J., and CHAPPELL, J., concur.